UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00003-SEB-DML |
| | ) | |
| RAMONE MOCKABEE | ) | |
|    a/k/a MONE | ) | |
|    a/k/a SHORTY | ) | |
|    a/k/a RAYMONE MOCKABEE, | ) | -03 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Ramone Mockabee, represented here by counsel, moves under § 404(b) of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) for a reduction of his sentence from 240 months to 120 months, which, if granted, would result in his immediate release, as well as a reduction in his supervised release from 10 to 8 years. The government opposes the motion. For the reasons detailed below, the motion [Dkt. 1497] is <u>DENIED</u>.

**<u>Background</u>**

Ten years ago, on January 27, 2010, Mr. Mockabee was charged by a superseding indictment with conspiracy to distribute 50 grams or more of cocaine base ("crack" or "crack cocaine") and 5 kilograms or more of cocaine hydrochloride ("powder cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); possession with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count

1

Seven); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Eight). On August 24, 2010, the government filed a prior drug related felony information, pursuant to 21 U.S.C. § 851(a)(1).

Approximately three months thereafter, on December 29, 2010, Mr. Mockabee filed a petition to enter a guilty plea, despite having entered into no plea agreement with the government. At a hearing conducted on January 3, 2011, the Court accepted Mr. Mockabee's guilty plea on each count and ordered the preparation of a pre-sentence investigation report for use at sentencing. A sentencing hearing occurred on May 31, 2011, and a judgment was entered against Mr. Mockabee on June 2, 2011, sentencing him to 360 months imprisonment on each of Counts One and Seven, and 120 months on Count Eight, all to be served concurrently for a total of 360 months. Mr. Mockabee was ordered to serve 10 years of supervised release on Count One, 8 years on Count Seven, and 3 years on Count Eight following his release, with each term running concurrently. This sentence reflected a downward variance from the advisory guideline range of a life term of imprisonment.

On June 7, 2011, Mr. Mockabee filed a notice of appeal and, on October 9, 2014, the Seventh Circuit Court of Appeals vacated his sentence and remanded his case for resentencing. The presentence investigation report addendum prepared by the United States Probation Office calculated Mr. Mockabee's offense level as 35 and his criminal history category was set at level II, which placed his sentencing guideline range at 188 to 235 months. However, the conviction on Count One, to wit, conspiracy to distribute 50 grams or more of crack and 5 kilograms or more of powder cocaine, subjected Mr.

Mockabee to a statutory mandatory minimum 20-year sentence based on his prior felony conviction.[1] Mr. Mockabee appeared before the District Court for resentencing on December 9, 2014, and an amended judgment and commitment order was entered on December 19, 2014, which imposed a 240 month term of imprisonment on each of Counts One and Seven, and 120 months on Count Eight, all to be served concurrently. His supervised release terms were not changed.

On September 10, 2019, Mr. Mockabee, by counsel, filed the instant motion for a reduced sentence under § 404(b) of the First Step Act of 2018, seeking a reduction from 240 months to 120 months. He also seeks a reduction in his supervised release from 10 to 8 years. Mr. Mockabee has been imprisoned since January 20, 2010.

## Legal Analysis

**I.     Applicable Law**

In 2010, Congress enacted the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010), to address harsh sentencing disparities between crack cocaine offenses and powder cocaine offenses resulting from what were deemed to be irrational and "unjustified race-based differences" in federal sentencing between those two types of

---

[1] At the time of Mr. Mockabee's offense, for Count One, an individual convicted of conspiracy to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine had a statutory range of 10 years to life imprisonment. 21 U.S.C. § 841(a)(1) (2009); 21 U.S.C. § 841(b)(1)(A) (2009); 21 U.S.C. § 846 (2009). However, if, as here, the offense was committed after a prior felony conviction, the mandatory minimum sentence was 20 years. For Count Seven, possession with intent to distribute 5 grams or more of crack cocaine carried a mandatory minimum sentence of five years and a maximum sentence of 40 years. 21 U.S.C. § 841(a)(1) (2009); 21 U.S.C. § 841(b)(1)(B) (2009). The mandatory minimum increased to 10 years with a prior felony conviction. Finally, for Count Eight, the offense of felon in possession of a firearm carried a statutory maximum of 10 years. 18 U.S.C. § 922(g)(1) (2009); 18 U.S.C. § 924(a)(2) (2009).

cases. *Dorsey v. United States*, 567 U.S. 260, 268–69 (2012). As relevant here, section 2 of the Fair Sentencing Act reduced the penalties for offenses involving crack cocaine by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b).

For example, prior to the enactment of the Fair Sentencing Act, 21 U.S.C. § 841(b)(1)(A)(iii) provided for a sentencing range of 10 years to life, if the offense involved "50 grams or more" of cocaine base with possible enhancement to 20 years to life if there had been a prior felony drug conviction, or mandatory life if there had been two prior felony drug convictions. Under current law, to fall within this sentencing range, the offense must involve "280 grams or more" of cocaine base. § 841(b)(1)(A)(iii) (2011). For offenses involving "28 grams or more," but less than 280 grams of cocaine base, 21 U.S.C. § 841(b)(1)(B)(iii) provides for a sentencing range of 5 to 40 years, with a possible enhancement to 10 years to life where there has been a prior felony drug conviction. For offenses involving less than 28 grams of crack cocaine, 21 U.S.C. § 841(b)(1)(C) provides for a sentencing range of up to 20 years, with possible enhancement to up to 30 years with a prior felony drug conviction, but there is no mandatory minimum sentence.

Signed into law on December 21, 2018, the First Step Act makes retroactive the Fair Sentencing Act of 2010's reduction in the disparity between crack and powder cocaine sentences. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 115th Cong. § 404 (2018). Section 404 reads as follows:

(a) Definition of covered offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

In other words, the First Step Act permits this Court to impose a reduced sentence for certain offenses that were committed before August 3, 2010, in accordance with the Fair Sentencing Act of 2010, if no such reduction was previously granted. §§ 404(b), (c).

Mr. Mockabee hopes to benefit under these statutes based on the fact that two of his offenses involved crack cocaine.

## II. Discussion

Mr. Mockabee argues that he is eligible for a sentence reduction under the plain language of the First Step Act because he "was convicted of a crack cocaine offense, was sentenced when the pre-Fair Sentencing Act statutory penalties were in effect, and continues to serve a sentence that has not been reduced to the post-Fair Sentencing Act statutory penalties." Dkt. 1497 at 4.

The government opposes any reduction on the grounds that Mr. Mockabee's conviction does not qualify for relief under the First Step Act because he was convicted of a multiple-object conspiracy that included powder cocaine *and* crack cocaine and the statutory penalty for conspiracy to distribute five kilograms of powder cocaine was

5

unchanged by the Fair Sentencing Act. Accordingly, the government argues that he is ineligible for resentencing because he faces the same statutory mandatory minimum sentence as he previously received based on the non-crack-cocaine drugs. *See United States v. Curb*, No. 06 CR 324-31, 2019 WL 2017184, at *3 n.6 (N.D. Ill. May 7, 2019) (observing that the quantity of heroin was sufficient to trigger the same mandatory minimum even if the defendant had no involvement with crack cocaine).

After careful review of the parties' arguments and the relevant caselaw, we begin by holding that Mr. Mockabee is eligible for relief under the First Step Act because he was convicted of at least one "covered offense" which was committed prior to the enactment of the Fair Sentencing Act of 2010 for which he has not previously sought relief under § 404 or been denied relief "after a complete review of the motion on the merits." §§ 404(a), (c). The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 …." Public Law 111-220, 124 Stat. 2372. Although the Seventh Circuit has yet to address the manner in which courts are to ascertain First Step eligibility, "[n]early every district court considering the issue has interpreted the plain language of the First Step Act, and held that it is 'the statute of conviction, not actual conduct, that controls eligibility under the First Step Act." *United States v. Cole*, No. 1:09 CR 118, 2019 WL 3406872, at *3 (N.D. Ind. July 29, 2019) (collecting cases). Thus, "under the plain language of Section 404, whether an offense is a 'covered offense' is determined by examining the statute that the defendant violated, and not the facts admitted in a plea agreement or otherwise attributable to the defendant by judicial

6

finding." *Id.* (citations omitted). "So long as a defendant was convicted of 'a violation'—i.e., at least one violation—for which the penalties were modified by section 2 or 3 of the Fair Sentencing Act, he or she is eligible for relief." *United States v. Richardson*, No. 3:99-cr-264-8 (VAB), 2019 WL 4889280, at *6 (D. Conn. Oct. 3, 2019).

Here, Mr. Mockabee pleaded guilty to Count One of the Indictment which charged him with conspiracy to distribute 50 grams or more of crack cocaine and 5 kilograms of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Thus, Mr. Mockabee is eligible for relief under the plain language of the First Step Act because the statutory penalty for conspiracy to distribute 50 grams or more of crack cocaine was modified by § 2 of the Fair Sentencing Act and Count One therefore constitutes a "covered offense." [2]

We, of course, acknowledge, as the government argues, that the conspiracy charge also involved an amount of powder cocaine for which the statutory penalties were not changed by the Fair Sentencing Act. However, as a dual-object conspiracy, this offense "has two distinct parts, the crack cocaine portion and the powder cocaine portion." *United States v. Roman*, 3:06-cr-268 (JBA), 2019 WL 5727412, at *3 (D. Conn. Nov. 4, 2019). The plain language of the First Step Act "does not, on its face, restrict eligibility to defendants who were only convicted of a singular violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act."

---

[2] Mr. Mockabee pled guilty to another crack cocaine offense in Count Seven for which the statutory penalties were modified by the Fair Sentencing Act, which is also a "covered offense" under the First Step Act. However, because the statutory mandatory minimum penalty associated with the conspiracy charge drove Mr. Mockabee's sentence, we follow the parties' lead and focus our analysis here on that offense.

7

*Richardson*, 2019 WL 4889280, at *6.  We share the view of other district courts finding that, in dual-object conspiracies involving crack and powder cocaine similar to that which Mr. Mockabee pled guilty, "[i]gnoring the crack cocaine portion of [the] conviction in favor of the powder cocaine portion would not serve the purpose of the Act." *United States v. Medina*, No. 3:05-cr-58 (SRU), 2019 WL 3769598, at *3 (D. Conn. July 17, 2019); *accord Roman*, 2019 WL 5727412, at *4.  For these reasons, we hold that Mr. Mockabee is eligible for relief under the First Step Act.

Having found Mr. Mockabee eligible for First Step Act relief, we turn next to consider what relief is available, if any.  Mr. Mockabee contends that he is entitled to a reduced sentence because it is clear from the transcripts of his plea and sentencing hearings that it was the amount of crack cocaine that drove his sentence, not the powder, and that he in fact contested the amount of powder cocaine attributed to him.  The government rejoins that, even if technically eligible for relief, Mr. Mockabee is not entitled to a reduced sentence because he pled guilty to a conspiracy involving crack *and* powder cocaine and the mandatory minimum penalty applicable to the powder cocaine portion of Count One remains 20 years imprisonment due to the § 851 enhancement.[3]

---

[3] The First Step Act "prospectively amended 21 U.S.C. § 841(b)(1)(A) and reduced the § 851 enhancement from twenty years to fifteen years." *Roman*, 2019 WL 5727412, at *5 n.6 (citing First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(2)(A)(i), 132 Stat. 51945222 (2018). Congress, however, "explicitly limited the application of this amendment to 'any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment,' precluding application of this provision at a First Step Act resentencing." *Id.* (quoting First Step Act, § 401(c)).

We agree with the government's analysis. Given Mr. Mockabee's powder cocaine conviction and his § 851 notice regarding a prior felony conviction, we are left without any discretion to reduce his sentence below the previously imposed mandatory minimum. *See Roman*, 2019 WL 3727412 at *4–5.

The First Step Act authorizes a district court to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the defendant's offenses were committed. *See* Pub. L. No. 115-391 § 404(b); *United States v. Garrett*, No. 1:03-cr-00062-SEB-DML, 2019 WL 2603531, at *3. Here, the crack portion of Mr. Mockabee's sentence is now classified under the lesser offense of § 841(b)(1)(B), which, with a § 851 prior felony conviction, imposes a mandatory minimum sentence of 10 years imprisonment. However, it is undisputed that Mr. Mockabee was charged in the conjunctive, with conspiring to distribute both crack and powder cocaine. Although he contested the amount of powder cocaine attributable to him during his plea hearing, upon clarification from the Court regarding the nature of a conspiracy charge, Mr. Mockabee ultimately pled guilty to the offense as charged. Thus, the conviction for conspiring to distribute five kilograms of powder cocaine, which remains classified as an offense under § 841(b)(1)(A), is still in effect for purposes of Mr. Mockabee's First Step motion. Because the government has not withdrawn the § 851 information, we lack discretion to reduce Mr. Mockabee's sentence below the statutory minimum of 20 years applicable to the powder cocaine portion of his crime. Having determined that no change in his overall

sentence is possible, despite being eligible for First Step Relief, Mr. Mockabee's First

Step Act motion must be and is hereby <u>DENIED</u>.

    IT IS SO ORDERED.

Date: ___01/27/2020_____

_____*Sarah Evans Barker*_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

William H. Dazey, Jr.
INDIANA FEDERAL COMMUNITY DEFENDERS
bill.dazey@fd.org

Sara Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

Joe Howard Vaughn
UNITED STATES ATTORNEY'S OFFICE
joe.vaughn@usdoj.gov