UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00003-SEB-DML |
| | ) | |
| RAMONE MOCKABEE, | ) -03 | |
| | ) | |
| Defendant. | ) | |

**Order Denying Motions for Reconsideration**

On January 27, 2020, the Court denied defendant Ramone Mockabee's motion to reduce sentence pursuant to the First Step Act. Dkt. 1511. Approximately seven months later, Mr. Mockabee filed a motion for reconsideration of the denial of his First Step Act motion.[1] Dkt. 1553. "[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010).

Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a final judgment or order in six discrete circumstances, only two of which are relevant to this case: "(1) mistake, inadvertence, surprise, or excusable neglect" and (6) any other reasons that justifies relief." Fed. R. Civ. P. 60(b). "The district court has great latitude in making a Rule 60(b) decision because that decision is 'discretion piled on discretion.'" *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)).

---

[1] Mr. Mockabee filed a second motion for reconsideration, which is identical to the first, on September 10, 2020. Dkt. 1556. Because the motions are the same, the Court will reference only the first motion.

Mr. Mockabee styles his motion as one brought under Rule 60(b)(6), but because it argues that the Court mistakenly concluded that he pleaded guilty to a conspiracy that involved distribution of five or more kilograms of powder cocaine, the motion is actually brought under Rule 60(b)(1) rather than the catch-all provision of Rule 60(b)(6). *Mendez v. Republic Bank*, 725 F.3d 651, 658 (7th Cir. 2013) (stating that "the 'mistake' and 'inadvertence' language of subsection (1) . . . includes inadvertence on the part of both courts and parties" (citations omitted)).

Relief under Rule 60(b) is an "extraordinary remedy . . . granted only in exceptional circumstances." *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017); *see also Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) ("As we have said often, Rule 60 relief is limited to extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely the erroneous application of law." (internal quotation marks and citations omitted)).

Here, Mr. Mockabee has not established any special circumstances that would justify the extraordinary remedy of relief under Rule 60(b)(1). His request for reconsideration is based on assertions that he did not plead guilty to conspiring to distribute five or more kilograms of powder cocaine and that the United States did not establish that the conspiracy involved five or more kilograms of powder cocaine. *See* dkt. 1553 at 3-4 ("Petitioner dispute of the amount of powder cocaine attributed to him did not result in petitioner pleading to the 5 kilograms or more of powder cocaine, nor did the government establish 5 kilograms or more of powder cocaine."); *id.* at 6-7 (claiming quantity of powder cocaine "was not further pressed at the time because of the admission of the 50 grams or more of [cocaine base] still required the same statutory penalty").

The Court addressed this argument in its order denying Mr. Mockabee's motion for a sentence reduction under the First Step Act. *See* dkt. 1511 at 9 ("Although he contested the amount

of powder cocaine attributable to him during his plea hearing, upon clarification from the Court regarding the nature of a conspiracy charge, Mr. Mockabee ultimately pled guilty to the offense as charged."). It stands by its analysis of this issue.

Review of the transcript from Mr. Mockabee's change of plea hearing demonstrates that, although he disputed the amount of powder cocaine attributed to him, he ultimately agreed that the entire conspiracy involved five or more kilograms of powder cocaine. *See* dkt. 1059 at 25-29. Contrary to Mr. Mockabee's assertion, the United States did not abandon any dispute concerning the amount of powder cocaine involved in the conspiracy. Rather, the United States argued that Mr. Mockabee had to admit to the amount of powder cocaine involved in the conspiracy in order to plead guilty to the conspiracy charge. *Id.* at 27. Thereafter, the United States summarized its evidence concerning the amount of powder cocaine involved in the conspiracy, and the Court explained to Mr. Mockabee that he could be held responsible for the amount of powder cocaine distributed by the entire conspiracy. *Id.* at 28-29. After these explanations, Mr. Mockabee agreed to the amount of powder cocaine charged as part of the conspiracy and pleaded guilty to the conspiracy offense as charged. *Id.* at 29, 31. As explained in the order denying his motion for a sentence reduction, Mr. Mockabee's guilty plea to a dual-object conspiracy that involved an amount of powder cocaine subject to a statutory minimum 240-month term of imprisonment deprives the Court of an ability to lower his sentence below that minimum. *See* dkt. 1511 at 9-10. The Court did not commit a mistake in reaching this conclusion.

Mr. Mockabee has not established that special circumstances warrant the extraordinary remedy of relief under Rule 60(b)(1). Specifically, for the reasons explained above, he has not demonstrated that the Court made a mistake when it denied his motion to reduce sentence under

the First Step Act. Consequently, his motions for reconsideration, dkt. [1553] and dkt. [1556], are **denied**.

    **IT IS SO ORDERED.**

Date: 12/07/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ramone Mockabee, #09399-028
FCI McKean
Federal Correctional Institution
P.O. Box 8000
Bradford, PA 16701

All Electronically Registered Counsel